**Not for Publication**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

MORRIS INDUSTRIES, INC.,

Plaintiff,

v.

TRIDENT STEEL CORPORATION, at al.,

Defendants.

Civil Action No.: 10-3462 (PGS)

**OPINION**

**PETER G. SHERIDAN, U.S.D.J.**

This is a breach of contract and breach of warranty dispute between Plaintiff Morris Industries, Inc. (Morris) and Defendant Trident Steel Corporation (Trident).[1] This action was filed by Morris in New Jersey Superior Court on December 23, 2009, and Trident removed the action to federal court on July 8, 2010 (hereinafter "New Jersey Action"). However, Trident had previously filed suit against Morris for breach of contract and breach of warranties in Texas on September 8, 2009 (hereinafter "Texas Action"). Currently before this Court is Trident's motion to dismiss, or in the alternative, to stay the New Jersey Action.

[1] Morris also names Ashan Zhongyou Tipo Pipe & Tubing, Co., Ltd. (TIPO), as a defendant in this case. Defendant TIPO, a resident of the Peoples Republic of China, has not entered an appearance in this case.

**I. Background**

Morris is a New Jersey corporation with its principal place of business in New Jersey. Morris distributes piping and related products. Trident is a Missouri corporation with its principal place of business in Missouri. Trident supplies piping and related products for use in oilfield drilling.

The dispute underlying this matter involves a series of orders, in or around March 2008, that Trident placed with Morris for pipe couplings. Couplings are short length pipes used to connect two joints of oilfield pipe casings. Pursuant to the orders, the couplings were to conform to the American Petroleum Institute's (API's) safety standards and delivery was to be made at the Port of Houston in Harris County, Texas. Morris ordered the pipe couplings for Trident's orders from TIPO, and the couplings were shipped to the Port of Houston. In the course of testing whether the couplings complied with API safety standards, Trident discovered defects in the couplings. Trident revoked acceptance of the allegedly non-conforming couplings and Morris returned payment for those couplings. The parties dispute whether payment for the couplings was made prior to or after Trident's testing of the couplings. Trident claims that the allegedly non-conforming couplings are in Morris's possession in Texas.

On September 8, 2009, Trident filed suit against Morris in the District Court of Harris County, Texas, for breach of contract and breach of express and implied warranties. Pursuant to Texas Rule of Civil Procedure 120a, Morris entered a "Special Appearance" in the Texas Action, objecting to the jurisdiction of the court over Morris. On December 11, 2009, the trial court in the Texas Action denied Morris's Special Appearance, determining that it had personal jurisdiction over Morris. Morris filed an interlocutory appeal to the Texas Court of Appeals for the First Judicial District in Houston, Texas, contesting the trial court's finding of personal jurisdiction.

During the pendency of the appeal, on December 23, 2009, Morris filed an action against Trident in the Law Division of the Superior Court of New Jersey, Morris County. Trident removed the New Jersey Action to this Court on the basis of federal diversity subject matter jurisdiction on July 8, 2010. On July 30, 2010, Trident moved for dismissal, or in the alternative, a stay of the New Jersey Action.

On November 10, 2010, the Texas Court of Appeals for the First District of Texas ruled on Morris's interlocutory appeal in the Texas Action. *Morris Indus., Inc. v. Trident Steel Corp.*, No. 01-09-01094(CV) (Tex. App. Nov. 10, 2010). The Court of Appeals concluded that the trial court erred in finding personal jurisdiction over Morris. However, the Court of Appeals remanded the Texas Action back to the trial court for consideration of whether Trident should be given additional time to conduct jurisdictional discovery.[2]

## II. Parties' Arguments

Trident advances three arguments in support of its motion to dismiss, or in the alternative, to stay this action. First, Trident asserts that under the principles of the "first-filed rule," the New Jersey Action should be dismissed or stayed. Second, Trident argues that the *Colorado River* abstention doctrine and comity require dismissal or a stay to preserve judicial resources and to prevent duplication of efforts by the judiciary. Finally, Trident maintains that dismissal is warranted based on the doctrine of *forum non conveniens.*

In response, Morris posits that the New Jersey Action should not be dismissed under the first-

[2] In response to the decision from the Court of Appeals in the Texas Action, this Court conducted a telephone conference with the parties on December 14, 2010, to inquire about the status of the Texas Action before the Texas trial court. The parties reported that there will be a hearing in the Texas Action on December 17, 2010, and that it was unclear at this time whether the trial court would permit Trident to engage in additional jurisdictional discovery.

to-file rule or the *Colorado River* doctrine. Morris argues that the New Jersey Action should be stayed pending the determination of whether there is jurisdiction over Morris in the Texas forum. Further, Morris contends that the motion to dismiss on the basis *forum non conveniens* is premature and should be denied without prejudice to allow for refiling should the stay be lifted upon a determination of whether there is jurisdiction over Morris in the Texas Action.

## III. DISCUSSION

### A. The First-to-File Rule

The first-to-file rule is based on the principle that "when two actions involving the same subject matter are pending, the first-filed action should proceed to the exclusion of the later-filed action." *Intervet, Inc. v. Merial Ltd.*, 655 F. Supp. 2d 131, 133 (D.D.C. 2009) (citation omitted). The rule encourages "sound judicial administration and promotes comity among federal courts of equal rank, by directing courts to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Nature's Benefit, Inc. v. NFI*, No. 06-4836, 2007 U.S. Dist. LEXIS 62871, *7-8 (D.N.J. Aug. 27, 2007) (internal quotation marks and citations omitted). It provides that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject matter must decide it." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (citation omitted).

### B. The *Colorado River* Doctrine

"The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009); *see also W. Coast Life Ins. Co. v. The Harry Esses 2007-1 Ins. Trust,* No. 09-2761, 2010 U.S. Dist. LEXIS 40060, *6 (D.N.J.

Apr. 22, 2010). "The doctrine is to be narrowly applied in light of the general principle that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Id.* (internal quotation marks and citations omitted). The doctrine is applied in two steps. First, the court looks at whether the parallel state proceeding raises "substantially identical claims [and] nearly identical allegations and issues." *Id.* (citing *Yang v. Tsui*, 416 F.3d 199, 204 n. 5 (3d Cir. 2005)). If so, the court then looks at a multi-factor test to see whether there are "extraordinary circumstances," which merit abstention. *Id.* at 307-08 (citation omitted).

The following six factors are used by a court to determine whether "extraordinary circumstances" merit abstention:

> (1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999). "No one factor is determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *W. Coast Life Ins. Co.*, 2010 U.S. Dist. LEXIS 40060, at *7 (internal quotation marks and citations omitted). Nevertheless, the balancing of the factors weighs heavily in favor of the exercise of jurisdiction. *Id.* (citation omitted).

### C. The Doctrine of *Forum Non Conveniens*

Under the doctrine of *forum non conveniens*, a district court has the discretion to dismiss a complaint "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to

plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (internal quotation marks and citations omitted). When determining whether to dismiss an action on the basis of *forum non conveniens*, the court's "ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster v. (American) Lumbermeats Mut. Cas. Co.*, 330 U.S. 518, 527 (1947). However, a court's discretion to dismiss a case pursuant to *forum non conveniens* is narrower than the discretion to transfer a case pursuant to 28 U.S.C. § 1404(a). *See WM. H. McGee & Co., Inc. v. United Arab Shipping Co.*, 6 F. Supp. 2d 283, 289 n. 5 (D.N.J. 1997). Significantly, the United States Supreme Court has left open the question of whether *forum non conveniens* can be utilized when the alternative forum is a state court. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007) ("The common-law doctrine of *forum non conveniens* has continuing application [in federal court] only in cases where the alternative forum is abroad, and perhaps in rare instances where a state or territorial court serves litigational convenience best." (internal quotation marks and citations omitted)).

**D. Application**

First, this Court will consider whether dismissal or a stay are appropriate based on the first-to-file rule. The first-to-file rule only "allows a federal district court to stay a proceeding where another matter involving the same issues and parties is already pending before another *district court*." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1156 (9th Cir. 2007) (Ferguson. J., concurring) (emphasis added). Although Judge Ferguson of the Court of Appeals for the Ninth Circuit has advocated that "where the first suit was filed in a state court and the second suit is a diversity jurisdiction case with no federal question at issue . . . the federal court should maintain the

discretion to stay its proceeding pending the outcome in the state forum," even he has declined to stay such a proceeding absent legislation authorizing such action. *Id.* Therefore, because the first action was filed in state court, this Court will decline to dismiss or stay the New Jersey Action on the basis of the first-to-file rule.

Second, this Court must discern whether Trident's request to dismiss or stay the New Jersey Action is warranted under the *Colorado River* doctrine. Trident had established the threshold requirement under the *Colorado River* doctrine because the parties and claims are the same. Substantial identity of the parties exists because both Morris and Trident are parties in both the New Jersey and Texas Actions, and although TIPO is named in the New Jersey Action, it does not appear that TIPO has been served or has entered an appearance. There is also a substantial identity of claims in the New Jersey Action and Texas Action because both actions assert claims of breach of contract and breach of warranties, which are premised on the same transaction or occurrence. *See Tyrer v. City of S. Beloit*, 456 F.3d 744, 752-53 (7th Cir. 2006) ("[T]wo actions are 'parallel' where the underlying issues are the same, even if they have been repackaged under different causes of action." (internal quotation marks and citation omitted)).

Since the threshold inquiry has been met, this Court must consider whether extraordinary circumstances exist to merit abstention. This inquiry is a closer issue.

Factor one under this doctrine is inapplicable because *in rem* jurisdiction is not at issue in either action. *See McMurray v. De Vink*, 27 Fed. App'x 88, 93 (3d Cir. 2002) (finding first factor inapplicable because of absence of property at issue).

Factor two – inconvenience of the federal forum – weighs slightly in favor of abstention or dismissal in this case. Although New Jersey is Morris's principal place of business, it does not

appear that Trident has any connection to the forum. Conversely, both Morris and Trident have at least minimal connection to Texas – Morris shipped the couplings to Texas, Trident accepted the couplings in Texas, and the allegedly non-conforming couplings are being stored in Texas.

Trident concedes that factor three does not weigh in favor of abstention because the issues in neither of the actions implicate any clear federal policy to avoid piecemeal litigation.

Factor four – the order in which jurisdiction was obtained by the concurrent forums – is relatively neutral and does not add weight to Trident's request for a stay or dismissal. This factor does not turn on "'which complaint is filed first, but rather on how much progress has been made in the two actions.'" *Active Disposal Serv. v. Cnty. of Somerset*, No. 07-3210, 2009 U.S. Dist. LEXIS 1357, *25 (D.N.J. Jan. 8, 2009) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983)). Both actions are currently in the discovery phase; therefore, the forth factor does not weigh in favor of or against abstention.

Factor five – whether federal or state law controls – does not support this Court's abstention. Trident asserts that this factor supports abstention because state law governs both actions. However, the Court of Appeals for the Third Circuit has clearly stated that "[a]bstention cannot be justified merely because a case arises entirely under state law." *Ryan v. Johnson*, 115 F.3d 193, 199 (3d Cir. 1997) (citation omitted). Only "in some rare circumstances, [can] state law issues weigh in favor of the federal court's surrender of jurisdiction." *Id.* (internal quotation marks and citation omitted). Trident does not advance that any rare circumstances exist in this case to favor this Court's surrender of jurisdiction.

The sixth factor – whether the state court will adequately protect the interests of the parties – is also relatively neutral. Trident contends that this factor weighs in favor of abstention because

Morris's claims can adequately be prosecuted in the Texas Action. However, "the mere fact that the state forum is adequate does not counsel in favor of abstention, given the heavy presumption the Supreme Court has enunciated in favor of exercising federal jurisdiction." *Id.* at 200. Rather "this factor is normally relevant only when the state forum is *in*adequate." *Id.* This Court will consider this factor neutral because "[w]hen the state court is adequate . . . the factor carries little weight."

Application of the facts of this case to the six factors reveals that the six factors weigh slightly against abstention: factor one is inapplicable; factors four and six are neutral; factor two weighs slightly in favor of abstention; and factors three and five weigh against abstention. The result of that weighing, when considered with the narrow application of this doctrine and the strong presumption in favor of exercising jurisdiction over a case, requires this Court to deny Trident's motion to dismiss. Further, this court will deny Trident's alternative request to stay the New Jersey Action because "a stay is as much a refusal to exercise federal jurisdiction as a dismissal." *McMurray*, 27 Fed. App'x at 92 (internal quotation marks and citation omitted).

Finally, this Court will deny, without prejudice, Trident's motion to dismiss based on the doctrine of *forum non conveniens* because it is not clear that the Texas Action has jurisdiction over Morris. *See Piper Aircraft Co.*, 454 U.S. at 241. Further, it is unclear whether this Court may utilize this doctrine in light of the fact that the alternate forum is a state court. *See Sinochem Intern. Co.*, 549 U.S. at 430. Nevertheless, Trident may renew its motion to dismiss on this basis should the trial court in the Texas Action subsequently conclude that Morris is subject to its jurisdiction.

## IV. CONCLUSION

For the reasons stated above, this Court denies Trident's motion to dismiss, or in the alternative, to stay this action based on the first-to-file rule and the *Colorado River* doctrine.

Trident's motion to dismiss based on the doctrine of *forum non conveniens* is dismissed without prejudice. Discovery in the New Jersey Action will proceed in accordance with this Court's scheduling order.

December 14, 2010

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.