NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORRIS INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRIDENT STEEL CORPORATION, at al., <br><br> Defendants. | Civil Action No.: 10-3462 (PGS) <br><br><br> **MEMORANDUM & ORDER** |

This matter comes before the Court on a renewed motion to dismiss on the basis of *forum non conveniens* filed by Defendants Trident Steel Corporation (Trident) (ECF No. 25.). This Court previously denied Trident's motion to dismiss, or in the alternative, to stay the New Jersey Action, on December 14, 2010 (ECF No. 15.). For the following reasons, Trident's motion is denied without prejudice.

**I.**

The Court writes for the parties in this dispute and therefore only offers a brief recitation of the facts.

This is a breach of contract and breach of warranty dispute between Plaintiff Morris Industries, Inc. (Morris) and Trident regarding allegedly defective oil pipe couplings. On September 8, 2009, Trident sued Morris in Texas (hereinafter "Texas Action") for breach of contract and breach of warranties. Subsequently, on December 23, 2009, Morris filed an action against Trident in New Jersey Superior Court. Trident removed the action to this Court on July 8, 2010.

Following Trident's filing of suit in the Texas Action, Morris entered a "Special Appearance," objecting to the Texas court's jurisdiction over Morris. On December 11, 2009, the trial court in the Texas Action denied Morris's Special Appearance, determining that it had personal jurisdiction over Morris. Morris filed an interlocutory appeal to the Texas Court of Appeals for the First Judicial District in Houston, Texas, contesting the trial court's finding of personal jurisdiction. During the pendency of that appeal, Morris filed the instant action against Trident in the Superior Court of New Jersey and the instant action was removed to this Court.

Trident moved for dismissal, or in the alternative, a stay of the New Jersey Action on July 30, 2010. However, during the pendency of that motion, on November 10, 2010, the Texas Court of Appeals for the First District of Texas ruled on Morris's interlocutory appeal in the Texas Action. *Morris Indus., Inc. v. Trident Steel Corp.*, No. 01-09-01094(CV) (Tex. App. Nov. 10, 2010). The Court of Appeals concluded that the trial court erred in finding personal jurisdiction over Morris. The Court of Appeals remanded the Texas Action back to the trial court for consideration of whether Trident should be given additional time to conduct jurisdictional discovery. Consequently, on December 14, 2010, this Court denied Trident's motion to dismiss, or in the alternative, to stay the New Jersey Action (ECF No. 15.). The Court noted at that time:

> [T]his Court will deny, without prejudice, Trident's motion to dismiss based on the doctrine of *forum non conveniens* because it is not clear that the Texas Action has jurisdiction over Morris. Further, it is unclear whether this Court may utilize this doctrine in light of the fact that the alternate forum is a state court. Nevertheless, Trident may renew its motion to dismiss on this basis should the trial court in the Texas Action subsequently conclude that Morris is subject to its jurisdiction.

Subsequently, Trident and Morris engaged in jurisdictional discovery and briefed the issue of Morris's Special Appearance to the Texas trial court. On April 29, 2011, Judge Steven Kirkland heard oral argument on the Special Appearance. Morris argued that Trident did not establish that there was in personam jurisdiction over Morris. In addition, Morris asserted that it does "not have the kind of systematic and continuing contacts" necessary for in personam jurisdiction because Morris does not have an office in Texas, it does not market its goods in Texas, and the contract underlying this dispute was not performed in Texas. Rather, the "only real connection" to Texas was delivery of the couplings, which does not constitute purposeful availment on the part of Morris.

Following Morris's argument, Judge Kirkland questioned Trident as to what new evidence establishing jurisdiction that it has gained since the Court of Appeals's determination that the Court did not have jurisdiction over Morris. Trident indicated to the Court that it did not believe that the Court of Appeals had evidence of Morris's transactions in the appeal record, namely "21 purchase orders between Trident and Morris" and "53 transactions that occurred within the last five years between Morris and 21 other Texas residents." In addition, Trident represented that Morris sold $2.2 million worth of products to Trident in the course of 20 transactions between the companies. Further, Trident opined that the Court of Appeals was not aware of a prior hearing before the trial court because there was "no reporter's record of that prior hearing."

Thereafter, Morris made some rebuttal arguments and at the close of Morris's rebuttal the Court indicated that it would sign an order denying Morris's Special Appearance. However, it does not appear that the Court placed any findings of fact or conclusions on the record:

> THE COURT: Okay. Think you have a good enough record?

> [TRIDENT]: We believe so Your Honor.
>
> THE COURT: All right. What's the technical word for that? If I were to agree with you, special appearance would be sustained but I don't agree with you so it's what, overruled?
>
> [TRIDENT]: We have an order stating that I believe – states that it was denied.
>
> THE COURT: All right. Well, just give me the order and we'll go with that.
>
> [TRIDENT]: We also have findings of fact and conclusions of law which would, I think be beneficial to the record and we are entitled to request that.
>
> THE COURT: Why don't you provide him the opportunity to review those, file his objections and if y'all can agree on them then fabulous. If you can't then we'll take it up at another day.
>
> [TRIDENT]: We will do that, Your Honor.
>
> [MORRIS]: Your Honor, we would ask for a stay pending appeal.
>
> THE COURT: I'm not inclined to grant that at the moment.
>
> We'll go off the record here.

It is unclear whether the Texas trial court ever entered Trident's findings of fact or conclusions of law. However, on May 2, 2011, Morris filed a Notice of Accelerated Interlocutory Appeal to the Court of Appeals for the First District of Texas. Trident filed its renewed motion to dismiss on the basis of *forum non conveniens* with this Court on May 13, 2011. At this time, it does not appear that the Court of Appeals has handed down a ruling on the Interlocutory Appeal.

## II.

As this Court noted in its prior Opinion, a district court has the discretion to dismiss a complaint "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (internal quotation marks and citations omitted). Although the Court indicated to Trident that it may renew its motion if the trial court concluded that it had jurisdiction over Morris and the trial Court in Texas has in fact denied Morris's Special Appearance, Trident conveniently failed to indicate in its moving papers that Morris filed an Interlocutory Appeal with the Court of Appeals challenging the Texas trial court's denial of its Special Appearance. Consequently, the Court is presented with virtually the same jurisdictional dilemma that was before it in December – it is still unclear whether the Texas Action has jurisdiction over Morris. Accordingly, dismissal of this action on the basis of *forum non conveniens* at this time is again premature.

Therefore, IT IS on this 5th day of July 2011, **ORDERED** as follows:

1. Trident's renewed motion to dismiss on the basis of *forum non conveniens* is dismissed without prejudice. (ECF No. 25.).

2. Following a ruling on the Accelerated Interlocutory Appeal, the parties are to submit a letter via ECF notifying the Court of the decision and a copy of such decision.

3. Should Trident seek in the future to renew the instant motion to dismiss on the basis of *forum non conveniens*, Trident must seek leave from the Court.

_____
PETER G. SHERIDAN, U.S.D.J.

July 5, 2011